UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JOSEPHINE S. LOVOI, *pro se* | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 09-778 (RJL) |
| | ) | |
| | ) | |
| U.S. DEPARTMENT OF JUSTICE | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION
(January _15_, 2010) [# 9]

Lovoi, proceeding *pro se*, has alleged that federal officials conspired to deprive her of various "rights." The case is now before the Court on defendant's Motion to Dismiss, or, in the alternative, for Summary Judgment, which plaintiff has opposed. For the following reasons, the Court GRANTS defendant's Motion to Dismiss.

## BACKGROUND

Lovoi, who resides in New Orleans, is no stranger to litigation – she has now filed several suits alleging related conspiracies perpetrated by the Department of Justice. In 1999, Lovoi sued the Federal Bureau of Investigation ("FBI") and a host of federal and state officials alleging they conspired to foil an investigation of a police officer who Lovoi claimed broke into her home and assaulted her. *Lovoi v. FBI*, No. 9903563, 2000 WL 33671769 at *1 (E.D. La. March 31, 2000). In 2000, Lovoi sued former Attorney General Janet Reno for her alleged failure "to prosecute a number of federal officials for

1

unspecified criminal acts." *Lovoi v. Alitalia Airlines*, No. 00-597, 2001 WL 1287113 at

*1 (E.D. La. Oct. 23, 2001).  Lovoi alleged that Attorney General Reno's conduct in that

case was somehow linked to a conspiracy intended to keep Lovoi from working at

Alitalia Airlines. *Id.*

Now, in this case, Lovoi alleges that "former President George W. Bush gave

instructions to the U.S. Dept. of Justice" not to investigate a fraud that Lovoi believes

took place post-Hurricane Katrina in the New Orleans casino industry. (Compl. at 1-2.)

In particular, Lovoi contends that she has not received a portion of the millions of dollars

worth of relief "donations" she claims were sent to her former employer, Harrah's Casino

in New Orleans. (Compl. at 2-3.)  Additionally, Lovoi alleges she was wrongfully

terminated from Harrah's, and that the Department of Justice is retaliating against her in

exchange for money by refusing to investigate her claims.  (Compl. at 6-10.)

## ANALYSIS

The Court will construe Lovoi's *pro se* complaint liberally. *See Haines v. Kerner*,

404 U.S. 519, 520 (1972).  Nonetheless, *pro se* plaintiffs must comply with the Federal

Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F.Supp. 237, 239 (D.D.C. 1987).  Rule

12(b)(1) of the Federal Rules of Civil Procedure bars a federal court from hearing claims

beyond its subject matter jurisdiction.  The Court must dismiss a complaint if "it appears

beyond doubt that the plaintiff can prove no set of facts in support of his claim which

would entitle him to relief." *See Richardson v. United States*, 193 F.3d 545, 548-49

(D.C. Cir. 1999) (quoting *Caribbean Broad. Sys., Ltd. v. Cable & Wireless PLC*, 148

2

F.3d 1080, 1086 (D.C. Cir. 1998)).  Additionally, a complaint that does not set forth

"plausible" claims is subject to dismissal under Rule 12(b)(6).  *See Bell Atlantic Corp. v.*

*Twombly*, 550 U.S. 544, 556 (2007).  "[T]he plausibility standard is not akin to a

'probability requirement,' but it asks for more than a sheer possibility that a defendant

has acted unlawfully." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  Unfortunately

for Lovoi, her Complaint fails to satisfy the requirements of Rule 12.  How so?

        The Court is able to discern three claims for relief in Lovoi's Complaint.[1]  First,

she requests that the Court order the Department of Justice to initiate a broad

investigation into her numerous claims of Hurricane Katrina-related fraud.  (Compl. at

10-11.)  Second, Lovoi asks that the Court order the enactment of new laws to ensure that

natural disaster victims' civil rights are protected when they file complaints with the

Equal Employment Opportunity Commission.  (*Id.* at 11-12.)  Third, Lovoi makes a

Freedom of Information Act ("FOIA") request for "all information that was denied to

[her] by the FBI."  (*Id.* at 12.)

        As to the first two claims, they must be dismissed under Rule 12(b)(1) because the

Court simply lacks authority to order the relief requested.  Lovoi's call for a court-

ordered investigation to be initiated by the Department of Justice is, in effect, a request

for a writ of mandamus.  Such a writ is an extraordinary remedy available to compel an

"officer or employee of the United States or any agency thereof to perform a duty owed

---

[1] To the extent Lovoi attempted to state other causes of action, they must be dismissed under
Rule 8(a) of the Federal Rules of Civil Procedure because her complaint is too vague and
confusing to satisfy the Rule's minimal pleading requirements.  It utterly fails to "give the
defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley
v. Gibson*, 355 U.S. 41, 47-48 (1957).

to plaintiff." 28 U.S.C. § 1361.  It is "well-settled," however, that a writ of mandamus

cannot be issued to compel discretionary acts like an executive agency's decision to

initiate an investigation.  *See, e.g., Cox v. Sec'y of Labor*, 739 F. Supp. 28, 30 (D.D.C.

1990) (collecting relevant authority).  Concerning Lovoi's contention that new laws must

be enacted to protect future victims of natural disasters, the Court again lacks jurisdiction,

to say the least.  Indeed, the Constitution of the United States prohibits federal district

courts from "dictat[ing] to legislatures what laws shall be passed." *See Doe v. Exxon*

*Mobil Corp.*, 473 F.3d 345, 356 (D.C. Cir. 2007) (quoting *In re Austrian & German*

*Holocaust Litig.*, 250 F.3d 156, 165 (2d Cir. 2001)).

   As to Lovoi's third claim, Lovoi has simply failed to state a FOIA claim on which

she is entitled to relief because did not exhaust her administrative remedies.  It is

axiomatic that a plaintiff generally must exhaust her administrative remedies prior to

seeking judicial review. *Oglesby v. Dep't of the Army*, 920 F.2d 57, 65 (D.C. Cir. 1990).

The FOIA's exhaustion requirement is not jurisdictional, but rather jurisprudential. *See*

*Hidalgo v. F.B.I.*, 344 F.3d 1256, 1259 (D.C. Cir. 2003).  Accordingly, courts may

dismiss a FOIA plaintiff's complaint under Rule 12(b)(6) if the claim has not been

exhausted. *Id.* at 1260.  In this case, Lovoi never filed an administrative appeal of the

FBI's denial of her information request under FOIA. (*See* Def. Mot. at 11-12.)  Thus, her

FOIA claim is dismissed under Rule 12(b)(6).

4

## CONCLUSION

For all of these reasons, defendant's Motion to Dismiss [# 9] is GRANTED.  An appropriate Order will accompany this memorandum.

RICHARD J. LEON
United States District Judge